IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FRANCISCO I. GARCIA § | |
| § | |
| Plaintiff § | |
| VS. § | C.A. NO. 4:23-cv-470 |
| § | |
| SELECT PORTFOLIO SERVICING, INC. § | |
| AND DEUTSCHE BANK NATIONAL § | |
| TRUST COMPANY, AS TRUSTEE, IN § | |
| TRUST FOR REGISTERED HOLDERS § | |
| OF LONG BEACH MORTGAGE LOAN § | |
| TRUST 2005-2, ASSET-BACKED § | |
| CERTIFICATES, SERIES 2005-2 § | |
| Defendants § | |

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants, Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2005-2, Asset-Backed Certificates, Series 2005-2 ("**Trustee**") and Select Portfolio Servicing, Inc. ("**SPS**") (both are collectively "**Defendants**"), through undersigned counsel, hereby remove this case from the 165th District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. Defendants deny the allegations of the Complaint and the damages contained therein and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court.

**I.   INTRODUCTION AND STATEMENT OF COMMENCEMENT OF ACTION**

1.   On February 2, 2023, Plaintiff Francisco I. Garcia ("**Plaintiff**") commenced this action by filing his Original Petition (the "**Complaint**"), Cause No. 2023-07105 in the 165th District Court of Harris County, Texas, (the "**State Court Action**"). *See* Exhibit "C-1". On the same date, Plaintiff obtained an ex parte Temporary Restraining Order in the State Court Action. See Exhibit "C-2". Defendants filed an Answer in State Court on February 8, 2023. See Exhibit "C-3".

2. Pursuant to 28 U.S.C. § 1446(b) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty days of Defendants' first receipt of the initial state court pleading.

## II. PLEADINGS AND NOTICE TO STATE COURT

3. True and correct copies of all process and pleadings in the State Court Action are being filed along with this Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

## III. STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

4. This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §1332(a)(1). That statute provides, in pertinent part, that "the district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."[1] Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district. As discussed in detail below, this action satisfies the statutory requirements for Diversity of Citizenship jurisdiction as well as Federal Question jurisdiction.

## IV. DIVERSITY JURISDICTION

### A. Citizenship of the Parties

5. This civil action involves a controversy between citizens of different states. Plaintiff is a citizen of the State of Texas as he resided in and was domiciled in the state of Texas at all material times.[2]

6. Defendant SPS is not a citizen of Texas for Diversity Purposes. A corporation is deemed to be a citizen of (1) every state where it has been incorporated and (2) the state where it

---

[1] 28 U.S.C. § 1332(a)(1).
[2] See the Complaint at ¶ 1

2

has its principal place of business (i.e. its "nerve center").[3] SPS is a Utah corporation with its principal place of business in Utah. SPS is not incorporated in Texas, nor is its principal place of business located in Texas. Therefore, SPS is a citizen of Utah for purposes of diversity jurisdiction.

7. Defendant, Trustee is not a citizen of Texas. When determining citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust.[4]

8. Deutsche Bank National Trust Company, as the trustee of the subject traditional trust, is now and was at the commencement of this action and all intervening times, a national banking association that has its principal office in California, as stated in its charter. Therefore, as a national banking association organized under the laws of the United States, Deutsche Bank and thus Trustee are citizens of California for diversity purposes.[5]

9. Because Plaintiff is a citizen of Texas and Defendants are citizens of states other than Texas, there is complete diversity of citizenship among the parties.[6] Accordingly, complete diversity exists among the parties to this controversy.

B. **Amount in Controversy**.

10. This case places an amount in controversy that exceeds the $75,000 threshold. A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.[7] Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00.[8]

11. When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal,

---

[3] 28 U.S.C. §1332(c)(1).
[4] *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464, 100 S. Ct. 1779, 64 L.Ed.2d 425 (1980).
[5] 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).
[6] *See* 28 U.S.C. § 1332(c)(1); *Roche*, 546 U.S. at 89; *Lewis*, 519 U.S. at 67-68.
[7] *See* 28 U.S.C.A. § 1441(a).
[8] *See* 28 U.S.C.A. § 1332(a).

alleged damages in excess of the statutory minimum.[9] If the petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is satisfied.[10] The removing party satisfies this burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00.[11]

12.     In this instance, Plaintiff's Complaint makes it apparent that Plaintiff's claimed damages exceed $75,000.00 given that Plaintiff seeks to stop Trustee from foreclosing on or obtaining possession of its real property collateral identified by its physical address as 406 Emerson Street, Houston, Texas 77006 (the "**Property**").[12]

13.     The value of the Property exceeds $75,000.00. The value of the Property according to the Harris County Appraisal District is no less than $481,309.00 for the tax year of 2022. See Exhibit D.

14.     Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[13] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[14] Plaintiff seeks relief which if successful would preclude enforcement of the contractual loan obligations and Trustee's right to obtain possession of the Property[15].

---

[9] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).
[10] *See Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (explaining that the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper).
[11] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[12] See Complaint at ¶¶52-59 regarding requested injunctive relief.
[13] *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010) (unpublished) (*citing Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003)).
[14] *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (U.S. 1977).
[15] See Complaint at ¶¶52-59 regarding requested injunctive relief. and Prayer.

15. "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[16] "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[17] Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[18] The value of the subject property in this instance for diversity purposes is no less than $481,309.00 for the tax year of 2022. The value of the Property in this instance satisfies the jurisdictional amount of $75,000.00 for diversity purposes.

## V. FEDERAL QUESTION JURISDICTION

16. Removal is also proper because Plaintiff's suit involves a federal question.[19] A case arises under 28 U.S.C. §1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[20] Further, the Fifth Circuit Court of Appeals has held that "[t]he assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case and determine whether, in fact, the Act does provide the claimed rights."[21]

17. In addition to a claim for injunctive relief, Plaintiff has alleged violations of Regulation X of the Real Estate Settlement Procedures Act ("RESPA) and specifically references alleged violations of 12 C.F.R. 1024.41 (b)(2), 1024.41(b)(2(i)(B), and other provisions of RESPA against Defendant.[22] Since Plaintiff's claims arise under the laws of the United States of America, the United States District Court has original jurisdiction and removal is appropriate.

---

[16] *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961).
[17] *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983).
[18] See *Berry v. Chase Home Fin., LLC*, No. CIV.A. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).
[19] 28 U.S.C. §§1331, 1441(b); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).
[20] See *Empire Healthchoice Assurance, Inc., v. McVeigh*, 547 U.S. 677, 689-90 (2006).
[21] *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988 (5th Circ. 1988).
[22] See Complaint at ¶¶ 36-49.

18. This Court should also exercise supplemental jurisdiction over all claims because they are so related to the federal claims that they form part of the same case or controversy.[23] As noted by the Supreme Court, "Section 1367(a) is a broad grant of supplement jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction."[24] Accordingly, this Court has jurisdiction based on Federal Question jurisdiction.

## VI.  JURY DEMAND

19. Plaintiff has made a jury demand in the State Court Action.

## VII.  CONCLUSION

20. For the foregoing reasons, Defendants ask the Court to remove this suit to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

By: /s/ Michael F. Hord, Jr.
Michael F. Hord, Jr.
Texas Bar No. 00784294
Fed. I.D. No. 16035
Eric C. Mettenbrink
Texas Bar No. 24043819
Fed. I.D. No. 569887
Hirsch & Westheimer, P.C.
1415 Louisiana, 36th Floor
Houston, TX 77002-2772
(713) 220-9182 Telephone
(713) 223-9319 Facsimile
Email: mhord@hirschwest.com
Email: emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANTS**

---

[23] See 28 U.S.C. § 1367(a).
[24] *Exxon Mobil Corp. v. Allpattah Servs., Inc.*, 545, 558 (2005).

## **CERTIFICATE OF SERVICE**

On February 8, 2023, I hereby certify that a true and correct copy of the foregoing Notice of Removal was forwarded as follows:

Jeffrey C. Jackson
Jeffrey Jackson & Associates, PLLC
2500 E. TC Jester Blvd., Ste. 285
Houston, TX 77008
**Via ECF and Email**

<u>/s/ Michael F. Hord, Jr.</u>
Michael F. Hord Jr.