United States District Court
Southern District of Texas
**ENTERED**
January 19, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCO I. GARCIA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| SELECT PORTFOLIO SERVICING, | § | No. 4:23-cv-00470 |
| INC. AND DEUTSCHE BANK | § | |
| NATIONAL TRUST COMPANY, | § | |
| AS TRUSTEE, IN TRUST FOR | § | |
| REGISTERED HOLDERS OF | § | |
| LONG BEACH MORTGAGE | § | |
| LOAN TRUST 2005-2, ASSET- | § | |
| BACKED CERTIFICATES, SERIES | § | |
| 2005-2, | § | |
| | § | |
| *Defendants.* | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT[1]

This is a suit challenging a mortgage foreclosure. After receiving notice that

his home would be sold at a foreclosure sale, Plaintiff Francisco I. Garcia

("Plaintiff") sued[2] Defendants Deutsche Bank National Trust Company, as Trustee,

in trust for registered Holders of Long Beach Mortgage Loan Trust 2005-2, Asset-

---

[1] The District Judge to whom this case is assigned referred this case for all pretrial proceedings in accordance with 28 USC § 636(b). Order, ECF No. 12.

[2] Plaintiff originally filed this case in the 165th District Court of Harris County, Texas. Notice of Removal, ECF No. 1. Defendants removed this matter to federal court based on federal question jurisdiction and diversity jurisdiction. ECF No. 1. Plaintiff has not contested removal, and the Court independently finds it has subject matter jurisdiction based on Plaintiff's RESPA claim and the complete diversity of the parties and amount in controversy.

Backed Certificates, Series 2005-2 ("Trustee") and Select Portfolio Servicing, Inc. ("SPS") (collectively "Defendants"). The complaint asserted causes of action for violations of Regulation X of the Real Estate Settlement Procedures Act ("RESPA"), declaratory relief, and injunctive relief. Pending before the Court is Defendants' Motion for Summary Judgment on all of Plaintiff's claims. Defs.' MSJ, ECF No. 8. Plaintiff filed a response, ECF No. 10, and Defendants filed a reply, ECF No. 11.

Based on a careful review of the briefing and applicable case law, the Court recommends that the motion for summary judgment be granted.[3] Specifically, the Court finds that by not addressing them in his response, Plaintiff has abandoned his RESPA claim and declaratory judgment claim regarding insufficient notice. Notwithstanding waiver, Defendants conclusively establish that Plaintiff is not entitled to relief on these claims. Further, Plaintiff has failed to demonstrate that there is a genuine issue of material fact as to his declaratory judgment claim concerning Trustee's standing to foreclose.

I.      **BACKGROUND**

   A.     **Summary Judgment Evidence**

Defendants provided the following evidence in support of their motion for summary judgment:

   - Declaration of Laura Lynn Dyson of SPS, ECF No. 8-1

---

[3] A motion for summary judgment is a dispositive motion appropriate for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(A).

- Promissory Note dated January 21, 2005, ECF No. 8-2
- Deed of Trust dated January 21, 2005, ECF No. 8-3
- Mortgage Assignments to Trustee, ECF No. 8-4
- 2010 Loan Modification Agreement, ECF No. 8-5
- 2019 Trial Modification Offer, ECF No. 8-6
- Correspondence regarding expiration of Trial Modification Offer, ECF No. 8-7
- Notice of Default, ECF No. 8-8
- Loss Mitigation Correspondence, ECF No. 8-9
- Notice of Acceleration and Foreclosure, ECF No. 8-10
- Power of Attorney in favor of SPS, ECF No. 8-11

Plaintiff did not object to any of Defendants' evidence.

### B.   Factual Background

In January 2005, Plaintiff financed the purchase of property located at 406 Emerson Street, Houston, Texas 77006, by signing a promissory note in the amount of $320,000, payable to Long Beach Mortgage Company, as well as a deed of trust to secure the loan. Compl., ECF No. 1-4 ¶¶ 1, 10; ECF Nos. 8-1 ¶¶ 4, 5; 8-2; 8-3. After a few assignments of the deed of trust, which were recorded in the real property records of Harris County, Texas, the deed of trust was assigned to Trustee. 2018 Corporate Assignment, ECF Nos. 8-1 ¶ 6; 8-4. SPS is the current mortgage servicer for the Loan for Trustee. ECF Nos. 8-1 ¶ 1; 8-11.

On February 19, 2010, while in default, Plaintiff signed a Loan Modification Agreement—Plaintiff fell behind in payments in 2018 and remains in default. ECF Nos. 8-1 ¶¶ 7, 8, 15; 8-5. On July 19, 2019, Plaintiff was offered a trial modification after applying for loss mitigation assistance, but again failed to make the required

payments. ECF Nos. 8-1 ¶¶ 9, 10; 8-6; 8-7. On August 24, 2021, while Plaintiff remained in default, Defendants sent Plaintiff a Demand Letter-Notice of Default via certified mail at the property address. ECF Nos. 8-1 ¶ 11; 8-8. In 2022, for the second time, Plaintiff applied for loss mitigation assistance, and was offered a repayment plan, but did not accept that offer. ECF Nos. 8-1 ¶ 12; 8-9.

On December 20, 2022, while Plaintiff remained in default, Trustee sent Notice of Acceleration and Foreclosure to Plaintiff via certified mail. ECF Nos. 8-1 ¶¶ 13, 14; 8-10. Because Plaintiff obtained an *ex parte* temporary restraining order in state court, no foreclosure sale occurred. *Ex Parte* Temporary Restraining Order, ECF No. 1-5. Plaintiff still has not paid the accelerated balance due. ECF Nos. 8-1 ¶ 15. To date, foreclosure has not occurred. ECF Nos. 1-4; 8 at 3. Plaintiff alleges in his complaint that he resides at the Property. ECF No. 1-4 ¶ 1.

### C.   Plaintiff's Complaint

In his complaint, Plaintiff raises three claims related to the foreclosure process on the property: (1) "declaratory judgment for failure to send notice of default as required by statute;" (2) "declaratory judgment for lack of standing to foreclose as a 'mortgagee' under Tex. Prop. Code[] Chapter 51;" and (3) "violation of the Real Estate Settlement Procedures Act (RESPA) against SPS." ECF No. 1-4. Plaintiff seeks declaratory and injunctive relief, as well as damages and attorney's fees. ECF No. 1-4.

## II.    THE STANDARD OF REVIEW ON SUMMARY JUDGMENT

Summary judgment is appropriate when the movant has established that the pleadings, affidavits, and other evidence available to the court demonstrate that no genuine issue of material fact exists, and the movant is thus entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018).  A fact is material "if and only if proof of its existence might affect the outcome of the case." *Roy v. City of Monroe*, 950 F.3d 245, 254 (5th Cir. 2020). The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine [dispute] of material fact." *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)).

"Once the moving party has initially shown 'that there is an absence of evidence to support the non-moving party's cause,' the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Texas Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting *TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002)). "Summary

judgment cannot be defeated through '[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation.'" *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 788 (5th Cir. 2017) (quoting *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002)).

When ruling on a motion for summary judgment, the Court views all facts and inferences in the light most favorable to the nonmoving party and resolves all disputed facts in favor of the nonmoving party. *Rodriguez v. City of Laredo*, 459 F. Supp. 3d 809, 814 (S.D. Tex. 2020). The Court "may not make credibility determinations or weigh the evidence" in ruling on a summary-judgment motion. *Id.* (quoting *Reeves v. Sanderson Plumbing Prods.*, Inc., 530 U.S. 133, 150 (2000)).

## III.   DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT.

Defendants argue that summary judgment should be granted in their favor on all of Plaintiff's claims. Finding that there are no genuine issues of material fact, the Court recommends granting Defendants' motion for summary judgment. Specifically, the Court finds that Plaintiff's notice claims are waived because of his failure to respond. Further, Plaintiff's claim for declaratory relief related to notice is moot because no foreclosure sale took place and Plaintiff's RESPA claim lacks evidence of actual damages. Because this is not Plaintiff's first application for loss mitigation, RESPA does not apply. Finally, Plaintiff's claim for declaratory relief related to Trustee's standing to foreclose has no support in the record as Defendants

have provided conclusive proof that Trustee is the property's mortgagee. The Court

considers each claim in turn.

### A.    Plaintiff's Claim for Declaratory Relief Relating to Notice is Waived and Moot.

In his first claim, Plaintiff "requests a declaration that any February 7, 2023

sale pursuant to the Deed of Trust and Note would be void for [improper notice of

the foreclosure sale]." ECF No. 1-4 ¶ 27. Defendants argue that in addition to being

"factually and legal flawed," this claim is moot because no foreclosure sale occurred

on February 7, 2023. ECF No. 8 at 7. Plaintiff did not respond to this argument. *See*

ECF No. 10.

Indeed, because no foreclosure sale occurred on February 7, 2023, ECF No.

1-5, Defendants have not pursued a further foreclosure sale, and Plaintiff remains in

possession of the property, ECF No. 1-4 ¶ 1, any alleged deficiency in notice of the

sale is rendered moot. *See Khoung v. Wilmington Sav. Soc'y, FSB*, No.

420CV00184ALMCAN, 2020 WL 4574604, at *4 (E.D. Tex. July 22, 2020), *report

and recommendation adopted*, No. 4:20-CV-184, 2020 WL 4570111 (E.D. Tex.

Aug. 7, 2020); *see also Butler v. Colonial Sav., F.A.*, No. CV H-19-4704, 2020 WL

292273, at *2 (S.D. Tex. Jan. 21, 2020) ("Colonial also argues that Butler's claim

that he did not receive notice of sale is moot because *no sale has occurred* and Butler

still possesses the property. The court agrees.") (emphasis added); *see also Arias v.

Wells Fargo Bank, N.A.*, No. 3:18-CV-00418-L, 2019 WL 2514998, at *3 (N.D.

Tex. June 18, 2019) ("With respect to whether Wells Fargo provided a notice of sale that conformed with the requirements of § 51.002(b), this issue is moot, as Arias maintains possession of the Property, and the record does not show that Wells Fargo has taken *further steps to foreclose* the Property.") (emphasis added); *McCullough v. Wells Fargo Bank, N.A.*, No. SA-18-CV-01066-FB, 2019 WL 612995, at *5 (W.D. Tex. Jan. 15, 2019), *report and recommendation adopted*, No. CV SA-18-CA-1066-FB, 2019 WL 609766 (W.D. Tex. Feb. 6, 2019) ("Where, as here, a TRO is issued to prevent the defendant from conducting a foreclosure sale, the plaintiff fails to allege a Section 51.002 claim upon which relief can be granted '*unless a subsequent foreclosure sale occurs.*'" (quoting *Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664-DAE, 2015 WL 7076674, at *3 (W.D. Tex. Nov. 12, 2015))) (emphasis added); *Buckner v. Citimortgage, Inc.*, No. CV G-15-039, 2015 WL 8211844, at *1 (S.D. Tex. Dec. 8, 2015) (breach of contract claim for failing to provide notice of foreclosure sale becomes moot when there is no sale).

Further, because Defendants have carried their burden on summary judgment as to this claim, the burden shifted to Plaintiff to show a genuine issue of material fact. Plaintiff's failure to respond to the argument waives the claim. *See Ellis v. Carrington Mortgage Services, LLC*, No. 4:19-CV-4370, 2021 WL 3603604, at *4 (S.D. Tex. Aug. 13, 2021); *see also Oporto v. City of El Paso Tex.*, 2011 WL

13196177, at *5 (W.D. Tex. Jan. 9, 2011) (collecting cases) (recognizing a plaintiff waives claims she fails to brief in a response to a motion for summary judgment).

Because the claim is moot, Defendant is entitled to summary judgment on Plaintiff's claim for declaratory relief related to notice.

### B.      Plaintiff's RESPA Claim is Waived and Does Not Otherwise Present a Genuine Issue of Material Fact.

Plaintiff's RESPA claim alleges that although he submitted a facially complete loan modification application more than 37 days before February 7, 2023, SPS violated Regulation X by failing to complete its review of the application and scheduling a foreclosure sale after receiving the application. ECF No. 1-4 ¶¶ 43–45. Plaintiff alternatively asserts that he submitted his application at least 45 days before February 7, 2023, but SPS "did not notify the Plaintiff within five business days of receiving the application whether the application is complete or incomplete nor did SPS timely notify Plaintiff what additional documents and information were needed to review the application and give Plaintiff an opportunity to submit the requested materials." ECF No. 1-4 ¶ 46.

Defendants argue that Plaintiff waived this claim by failing to respond to the related arguments within the summary judgment motion, and even so, this claim fails because Plaintiff's claim is based on a subsequent loss mitigation packet and Plaintiff has failed to produce evidence of actual damages suffered from this purported violation as he still possesses the property without making payments. ECF

No. 8 at 11–12; *see* ECF No. 1-4 ¶ 1 (Plaintiff admits he is still in possession of the property). Again, Plaintiff failed to respond as to this claim, and therefore, has waived his RESPA claim. *See Oporto*, 2011 WL 13196177, at *5. Nevertheless, there is no genuine issue of material fact as to Plaintiff's RESPA claim.

"Regulation X implements RESPA. 12 C.F.R. § 1024.41. RESPA protects mortgagors by imposing certain obligations on loan-servicing companies." *Forscht v. Select Portfolio Servicing, Inc.*, No. CV H-17-2659, 2018 WL 1757610, at *2 (S.D. Tex. Apr. 12, 2018) (citing *Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp.2d 176, 191 (S.D. Tex. 2007)). When a borrower submits a loan modification application, a servicer must notify the borrower within five days of receiving the application that the servicer acknowledges receipt of the application, and that the servicer has determined that the application is either complete or incomplete. 12 C.F.R. § 1024.41(b)(2)(i)(B). The servicer must evaluate the borrower for loss mitigation options and provide the borrower written notice within thirty days of receiving "a complete loss mitigation application" if the servicer receives the complete application "more than 37 days before a foreclosure sale." 12 C.F.R. § 1024.41(c)(1). "A complete loss mitigation application means an application in connection with which a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigation options available to the borrower." 12 C.F.R. § 1024.41(b)(1). "If a borrower submits a

complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale, a servicer shall not . . . conduct a foreclosure sale, unless: (1) The servicer has sent the borrower a notice . . . that the borrower is not eligible for any loss mitigation option and the appeal process . . . is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied; (2) The borrower rejects all loss mitigation options offered by the servicer; or (3) The borrower fails to perform under an agreement on a loss mitigation option." 12 C.F.R. § 1024.41(g).

However, "[a] servicer is only required to comply with the requirements of [12 C.F.R. § 1024.41] for a *single* complete loss mitigation application for a borrower's mortgage [] account" when the borrower has been delinquent at all times since submitting the first complete application. *See Rose Bobbitt v. Wells Fargo Bank, N.A.*, No. CV H-14-387, 2015 WL 12777378, at *3 (S.D. Tex. May 7, 2015) (emphasis in original) (quoting 12 C.F.R. § 1024.41(i)); *see also Hawkins v. Cenlar Fed. Sav. Bank*, No. 3:22-CV-23-M-BN, 2023 WL 5488789, at *8 (N.D. Tex. Aug. 1, 2023), *report and recommendation adopted*, No. 3:22-CV-23-M-BN, 2023 WL 5489043 (N.D. Tex. Aug. 24, 2023) ("A servicer must comply with the requirements of this section for a borrower's loss mitigation application, unless the servicer has

previously complied with the requirements . . . and the borrower has been delinquent at all times since submitting the prior complete application.").

Here, on February 19, 2010, while in default, Plaintiff signed a Loan Modification Agreement, but fell behind in payments in 2018 and remains in default. ECF Nos. 8-1 ¶¶ 7, 8, 15; 8-5. Defendants argue that Plaintiff appears to be developing a pattern of applying for loss mitigation to avoid foreclosure. ECF No. 8 at 11. Indeed, in 2019, Plaintiff applied for loss mitigation, was offered a trial modification, but failed to accept the modification. See ECF Nos. 8-6; 8-7.  Again in 2022, Plaintiff applied for loss mitigation assistance, and was offered a Repayment Plan, but did not accept that offer. ECF Nos. 8-1 ¶ 12; 8-9. The record shows that this is not Plaintiff's first application for loan modification and that Plaintiff is in default. Thus, RESPA does not apply to the application on which Plaintiff bases his claim. *See Rose Bobbitt*, 2015 WL 12777378, at *3.

Additionally, "to state a claim under RESPA or Regulation X, a plaintiff must plead actual damages." *Robins v. PHH Mortgage Corp.*, No. 4:20-CV-1163, 2020 WL 5604042, at *n.3 (S.D. Tex. Sept. 18, 2020) (quoting *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 836 (5th Cir. 2014) ("To recover, a claimant must show that actual damages resulted from a RESPA violation.")). While Plaintiff stated generally that "Plaintiff suffered actual damages in an amount to be proven at trial," ECF No. 1-4 ¶ 47, he did not plead, much less support with summary judgment

evidence, specifically what damage he suffered from any violation. "This is an independent ground to dismiss the RESPA and Regulation X violations." *See id.*

Summary judgment should be granted in favor of Defendant on Plaintiff's RESPA claim.

### C. There is No Genuine Issue of Material Fact Regarding Plaintiff's Claim for Declaratory Relief Regarding Trustee's Standing to Foreclose.

Plaintiff alleges in his claim for declaratory relief related to Trustee's standing to foreclose that Trustee "attempting to foreclose is not the same entity as the last person to whom the Deed of Trust has been assigned of record" because "[t]he last assignee of the Deed of Trust is 'Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-5." ECF No. 1-4 ¶¶ 31, 33. Defendant argues that "[t]he real property records of Harris County, Texas include a chain of assignments of the Deed of Trust to Trustee which establishes Trustee's standing to foreclose as a matter of law." ECF No. 8 at 9. Plaintiff's response raises largely the same assertions as his complaint and wholly ignores the 2018 Corporate Assignment of Deed of Trust. *See* ECF No. 10.

"Under Texas law, a mortgagee or mortgage servicer is permitted to foreclose on a house even without holding the note." *Epstein v. U.S. Bank Nat. Ass'n*, 540 F. App'x 354, 356 (5th Cir. 2013) (citing TEX. PROP. CODE § 51.0025 ("A mortgage servicer may administer the foreclosure of a property.")). "A mortgage servicer is

defined as 'the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument.'" *Id.* (quoting TEX. PROP. CODE § 51.0001(3)). "The mortgagee includes the 'the grantee, beneficiary, owner, or holder of a security instrument,'" and "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id.* (quoting TEX. PROP. CODE § 51.0001(4)). "The mortgagee may also be the mortgage servicer." *Id.*

As with Plaintiff's response, Plaintiff's complaint is missing the final Corporate Assignment of Deed of Trust. *See* ECF Nos. 1-4; 8-4 at 7. The Corporate Assignments establish that, on November 26, 2014, Washington Mutual Bank Successor in Interest to Long Beach Mortgage Company assigned its interest to JPMorgan Chase Bank, N.A., ECF No. 8-4 at 1, and on the same day, JPMorgan Chase Bank, N.A. assigned its interest to Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-2, ECF No. 8-4 at 5. The last Corporate Assignment shows that on March 19, 2018, Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-2 assigned its interest to Trustee. ECF No. 8-4 at 7. This final Corporate Assignment was filed and recorded in the official public records of Harris County on April 9, 2018. ECF No. 8-4 at 8.

As "the last person to whom the security interest has been assigned of record,"

Trustee is the mortgagee and therefore has the authority to conduct a foreclosure sale of the property. *See Epstein*, 540 F. App'x at 356.[4] Accordingly, there is no genuine issue of material fact as to whether Trustee has standing to foreclose on the property. Defendants' motion for summary judgment should be granted on this claim.

### D.      There Is No Underlying Claim Entitling Plaintiff to Injunctive Relief.

Defendants finally argue that because Plaintiff cannot prevail on any other claim against Defendants, then "a request for injunctive relief . . . is fatally defective and does not state a claim." ECF No. 8 at 12. Again, Plaintiff did not respond to this argument, and therefore, has waived his claim for injunctive relief. *See Oporto*, 2011 WL 13196177, at *5. Regardless, under Texas law, Plaintiff must have a viable underlying claim. Because Plaintiff does not have any viable claim, his claim for injunctive relief should not survive summary judgment. *See Bring v. Am.'s Servicing Co.*, No. CV H-16-3109, 2017 WL 7794359, at *3 (S.D. Tex. Dec. 7, 2017) (request for injunctive relief must be dismissed when there is no viable cause of action) (citing *Barcenas v. Fed. Home Loan Mortg. Corp.*, No-12-2466, 2013 WL 286250, at *9 (S.D. Tex. 2013)); *see also Green v. Amerihome Mortgage Co., LLC*, No. 4:20-CV-0153, 2020 WL 2106692 (S.D. Tex. Apr. 16, 2020*), report and recommendation*

---

[4] Because the summary judgment evidence demonstrates that Trustee is mortgagee, the Court does not address Defendants' alternative argument that they are also entitled to foreclose as holders of the Note.

*adopted*, No. CV H-20-153, 2020 WL 2104639 (S.D. Tex. May 1, 2020).

Therefore, Defendant should be granted summary judgment as to Plaintiff's claim for injunctive relief.

## IV.  CONCLUSION

The Court recommends that Defendants' motion for summary judgment be **GRANTED**. ECF No. 8.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on January 19, 2024.

**Dena Hanovice Palermo**
**United States Magistrate Judge**

16